IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hendrick Automotive Group, *a New York General Partnership*; *and* Savannah Highway Automotive Company, *a South Carolina Partnership*, | ) ) ) ) ) | Civil Action No. 2:16-1073-RMG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Hartford Fire Insurance Company, *a Connecticut Corporation*; *and* XL Insurance America, Inc., *a Delaware Corporation*, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on Defendant Hartford Fire Insurance Company's ("Hartford Insurance") motion to dismiss, stay, or transfer and Defendant XL Insurance America, Inc.'s ("XL Insurance") motion to dismiss, stay, or transfer. For the reasons set forth below, the Court grants Defendants' motions in part and transfers this action to the Western District of North Carolina.

## I. Background

Plaintiff Hendrick Automotive Group ("Hendrick") and Savannah Highway Automotive Company ("Savannah"), seek, *inter alia*, a declaratory judgment that Defendants owe a duty of indemnity in an underlying action in which a Hendrick affiliate was accused of misconduct in operating a South Carolina dealership. (*See* Compl., Apr. 6, 2016, Dkt. No. 1.) However, on March 16, 2016, Hartford first filed its own declaratory judgment action regarding its duties to indemnify Hendrick in the Charlotte Division of the Western District of North Carolina. Complaint, *Hartford Fire Ins. Co. v. Hendrick Corp., LLC*, Civ. No. 3:16-133-FDW (W.D.N.C.)

(filed as an exhibit in this action at Dkt. No. 8-2). Plaintiffs admit that the Western District of North Carolina action is a first-filed action involving similar issues and parties (*see* Compl. ¶¶ 49–50), but they assert that the first-filed rule does not apply because the Western District of North Carolina lacks subject-matter jurisdiction or because Defendants engaged in forum shopping, (*see* Resp. 2–20, May 16, 2016, Dkt. No. 9).

Defendants moved to dismiss, stay, or transfer this action in favor of the Western District of North Carolina action, on April 29, 2016 (Hartford) and May 20, 2016 (XL Insurance). (Dkt. Nos. 8 & 10.) On May 31, 2016, this Court stayed the action pending the Western District of North Carolina's ruling on Hendrick's motion to dismiss for lack of subject-matter jurisdiction. (Dkt. No. 15.) After ordering supplemental briefing on the subject-matter jurisdiction issue, on June 21, 2016, the Western District of North Carolina rejected that argument and ruled that it does have subject-matter jurisdiction over the first-filed action. Order, *Hartford Fire Ins. Co.*, Civ. No. 3:16-133-FDW (filed as an exhibit in this action at Dkt. No. 21-3). The pending motions to dismiss, stay, or transfer, therefore, are now ripe for disposition.

## II.  Legal Standard

The Fourth Circuit recognizes the "first-filed" rule, which gives priority to the first suit filed absent a balance of convenience favoring the second filed. *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2, 181 (4th Cir. 1974); *see also NVR, Inc. v. Cincinnati Ins. Co.*, Civ. No. 0:12-3071-CMC, 2013 WL 178431, at *2 (D.S.C. Jan. 17, 2013); *Nexsen Pruet, LLC v. Westport Ins. Corp.*, Civ. No. 3:10-895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010). Thus, a case pending in federal court "may be dismissed 'for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court.'" *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688 (D.S.C. 2007) (quoting *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)) (internal

alteration omitted). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991).

## III. Discussion

Defendants' argument is straightforward: under the first-filed rule, this action should be dismissed, stayed, or transferred in favor of first-filed action in the Western District of North Carolina. Plaintiffs, as the parties seeking adjudication in a second forum, bear the burden of persuasion to show why Defendants' motions should not be granted. *MVP Grp. Int'l, Inc. v. Smith Mountain Indus., Inc.*, Civ. No. 2:11-2608-DCN, 2012 WL 425010, at *2 (D.S.C. Feb. 9, 2012) ("Typically, the burden is on the movant to show the transfer to another forum is proper, however, the first-filed rule shifts this burden to the party seeking adjudication in the second forum."). Plaintiffs present three arguments in support of allowing this matter to proceed before this Court.

Their first and principal argument, that the first-filed rule is inapplicable because the earlier-filed North Carolina action is invalid for lack of subject-matter jurisdiction, is precluded by the contrary decision of the Western District of North Carolina. A challenge to that court's determination of its own jurisdiction to hear actions brought before it must be made to the Fourth Circuit, not the District of South Carolina.

Second, Plaintiff argues that the first-filed rule is inapplicable because Hartford engaged in forum shopping when it filed in North Carolina. Plaintiff does not explain why this Court, rather than the Western District of North Carolina, should decide the propriety of an action filed in the Western District of North Carolina. Nor does Plaintiff present any persuasive argument that Hartford has engaged in forum shopping.

-3-

Plaintiffs essentially argue that Hartford's action is forum shopping *per se*, because Hartford had no right to file a declaratory judgment action before the "natural plaintiffs," *i.e.*, the aggrieved party. (*See* Resp. 12–13.) Plaintiffs cite *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995) to support that proposition. But *Wilton* dealt with "the standard governing a district court's decision to stay a declaratory judgment action in favor of parallel state litigation." 515 U.S. at 281. Because "[t]here is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action," the Court held that, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . . . In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288. Plaintiff's argument that *Wilton* permits duplicative federal declaratory relief actions to proceed in adjacent district courts is hopelessly strained.

Plaintiffs also argue that Hartford's action is forum shopping because it was filed in anticipation of this action. In support, Plaintiff cites several cases, mostly from foreign circuits, having nothing to do with this case. *See, e.g., Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425 (7th Cir. 1993) (appeal from preliminary injunction barring U.S. subsidiary of a French corporation from litigating certain claims before the Commercial Court of Lille, France); *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995) (holding that a statute of limitations affirmative defense cannot be raised as a separate declaratory action, thereby denying the "allegedly injured party its otherwise legitimate choice of the forum and time for suit"). Plaintiffs do cite a case supporting the proposition that a first-filed action should be dismissed where the declaratory plaintiff by inequitable conduct prevented the natural plaintiff from filing

first. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 (5th Cir. 1993). But Plaintiffs do not point to inequitable conduct by Defendants; rather, they merely state that Hartford "filed after the parties engaged in settlement discussions." (Resp. 15.) Nor do they explain why this Court, rather than the Western District of North Carolina, should decide that issue. *Cf. id.* at 603 (affirming Western District of Texas decision to dismiss first-filed suit in favor of later suit in California state court).

Moreover, Hartford persuasively argues that it did not engage in forum shopping when it filed suit in Charlotte. Some courts indeed have held forum shopping via preemptive declaratory actions to be a proper basis for departing from the first-filed rule. *See, e.g., D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 779 (D. Md. 2009); *Piedmont Hawthorne Aviation, Inc. v. TriTech Envtl. Health & Safety, Inc.*, 402 F. Supp. 2d 609, 616 (M.D.N.C. 2005). But, in this case, the Court cannot fairly characterize filing in Charlotte as forum shopping because the transaction at issue—the execution of insurance contracts—took place in Charlotte. (Mem. Supp. Mot 14, 16, Apr. 29, 2016, Dkt. No. 8; Resp. 19 (conceding that policies were delivered in Charlotte).) Selecting a forum that has a substantial nexus with the cause of action is not forum shopping. *See, e.g., Hausfeld v. Love Funding Corp.*, 16 F. Supp. 3d 591, 604 (D. Md. 2014) (noting that courts that have rejected a plaintiff's choice of forum because of apparent forum shopping did so where the action's "nexus with Plaintiff's original forum was lacking"); *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 928 F. Supp. 2d 863, 869 (E.D. Va. 2013) ("[T]he weight accorded to [forum] choice varies with the significance of the contacts between the venue chosen by plaintiff and the underlying cause of action." (internal quotation marks omitted)).

Plaintiff's third argument is that Charlotte is not a proper venue for this action because fact witnesses to the events giving rise to the underlying litigation are, most likely, subject to

compulsory process in Charleston but not Charlotte. Charleston might be a better venue for trial of the underlying actions, but the transaction at issue in this action is the execution of insurance contracts and Plaintiff fails to demonstrate why, with regard to those transactions, Charleston is a venue so superior to Charlotte as to justify disregard of the first-filed rule. Nor does Plaintiff explain why this Court, and not the Western District of North Carolina, should decide the suitability of venue in the Western District of North Carolina.

The practice of this Court in similar cases has been to transfer to the jurisdiction of the first-filed action. *See NVR*, 2013 WL 178431, at *3; *MVP Grp. Int'l*, 2012 WL 425010, at *3; *Motley Rice*, 518 F. Supp. 2d at 700. Transfer, rather than dismissal, is the more appropriate remedy as transfer will allow the two actions to be joined, or one or the other to be dismissed by the transferee court based on full consideration of the degree of overlap and interests of judicial economy. The Court therefore transfers this action to the Western District of North Carolina.

## IV. Discussion

For the foregoing reasons, the Court **GRANTS IN PART** Defendant Hartford Insurance's motion to dismiss, stay, or transfer (Dkt. No. 8), **GRANTS IN PART** Defendant XL Insurance's motion to dismiss, stay, or transfer (Dkt. No. 10), and **TRANSFERS** this matter to the Western District of North Carolina.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 27, 2016
Charleston, South Carolina

-6-